UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ANGUS CHEMICAL COMPANY** | **CIVIL ACTION NO. 12-1656** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **GLENDORA PLANTATION, INC.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Pending before the Court is the "Appeal to District Judge and Objections to Magistrate Judge's Memorandum Order" ("Appeal") [Doc. No. 62] filed by Defendant and Plaintiff-in-Counterclaim Glendora Plantation, Inc. ("Glendora"). For the following reasons, Glendora's Appeal is DENIED.

I.   FACTS, PROCEDURAL HISTORY, AND PRIOR RULINGS

Plaintiff Angus Chemical Company ("Angus") owns an 80-acre facility in Sterlington, Louisiana, where the plant produces nitroparaffin products. This case concerns Angus's rights to transport wastewater from the plant via an underground pipeline on the land belonging to Glendora under a March 28, 1978 "Right of Way Easement Option" executed with the prior landowners.[1] On August 31, 1978, Angus's predecessor, IMC, exercised the option which then became the Right-of-Way Agreement.

In 2007, Angus's 12" pipeline leaked wastewater because of cracks in the pipeline. Instead of replacing the pipeline, Angus performed above-ground inspections of the property

---

[1] The facts in this case were set forth in detail in the Magistrate Judge's Order, previous rulings of this Court, and in the opinion of the United States Court of Appeals for the Fifth Circuit, all of which the Court incorporates by reference.

where the pipeline was buried. When the pipeline leaked again in 2010, Angus began taking steps to replace it.

On December 11, 2011, the pipeline ruptured, which caused wastewater to spill onto Glendora's property. After the spill, Angus temporarily shut down the wastewater transfer pumps and constructed an earthen dam to prevent impact to surface waters. Angus and its contractors also took steps to remediate the effects of the spill.

On June 14, 2012, Angus filed the instant Complaint, seeking a declaratory judgment that Angus has a valid servitude under the Right-of-Way Agreement; that it had the right to abandon the 12" pipeline once a new pipeline was in place; that it had the right to lay the pipeline, cables, and tracer wire; that the servitude would be fifty feet in width during construction and thirty feet in width thereafter (fifteen feet on either side of the center line of the original pipeline); and that it had (and continues to have) right of ingress and egress. Alternatively, Angus prayed for a declaratory judgment that it obtained the servitude via acquisitive prescription.

Glendora filed an answer and counterclaim, arguing that Angus had no right to install additional lines or fiber optic cables adjacent to the new pipeline, nor did it have the right to abandon the existing pipeline. Glendora prayed for a declaratory judgment on these issues and also sought damages for trespass, as well as damages for agricultural losses, soil degradation, cleanup costs, and remediation as a result of the December 11, 2011 pipeline rupture and wasterwater spill. Finally, Glendora sought an order compelling Angus to remove that portion of the pipeline located in a different area from the drawing attached to the Option.

While the lawsuit was pending, Angus installed a new 16" pipeline on Glendora's property on or about August 17, 2012, along with two fiber optic cables running parallel to the 16" pipeline

and a tracer wire located on top of the pipeline. Between October 3 and November 12, 2012, Angus cleaned, plugged and abandoned the old 12" pipeline. Angus did not precision level the pipeline right of way after installing the 16" pipeline.

On October 25, 2012, Glendora amended its counterclaim to allege that Angus violated the Right-of-Way Agreement by conducting construction outside the thirty foot right of way and by using the right of way for two pipelines. Glendora also alleged that Angus's action constituted a bad faith trespass. Glendora sought damages for land leveling, ditching, the substitution of lesser quality topsoil, and road damage.

On February 5, 2013, Glendora propounded discovery requests to Angus in which it sought discovery of the gross income, net income, and total profit, as well as daily, weekly, bi-weekly, monthly, and/or yearly profit and loss statements for the Sterlington facility for the time period between Angus's commencement of construction on the 16" pipeline through the present.

Angus objected to the discovery requests as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

On March 5, 2013, Glendora filed a Motion to Compel First Supplemental Discovery Responses from Angus ("Motion to Compel") [Doc. No. 23]. Glendora sought a court order compelling Angus to respond to its discovery requests seeking the requested income information and profit and loss statements. Relying on *Williams Land Co., LLC v. BellSouth Communications, Inc.*, Nos. Civ. A. 02-1628, Civ. A. 02-1629, 2003 WL 1733529 (E.D. La. Mar. 28, 2003), Glendora argued that it was entitled to this discovery because Angus is a bad faith trespasser by virtue of its installation of the 16" pipeline partially outside the drawing attached to the Option and because it abandoned, rather than removed, the original 12" pipeline. Thus, as in

the *Williams* case, Glendora argued that it is entitled to this discovery because it has a viable claim for damages for all of Angus's profits at the Sterlington facility. *See id.* at *1 (citing *Corbello v. Iowa Prod.*, 850 So. 2d 686, 709 (La. 2003) (superseded by statute on other grounds as explained in *State v. Louisiana Land and Exploration Co.*, So.3d , 2013 WL 360329 (La. Jan. 30, 2013)).

On March 27, 2013, Angus filed a memorandum in opposition to the Motion to Compel. [Doc. No. 39], as well as a Motion for Partial Summary Judgment [Doc. No. 40] which contained overlapping arguments. In its opposition memorandum, Angus argued that it is not a bad faith trespasser, but that, even if it were, Glendora was not entitled to the requested discovery because Angus derives no profit from the wastewater pipeline passing through the property.

On April 8, 2013, Glendora filed a Motion for Partial Summary Judgment [Doc. No. 50].

On April 9, 2013, Glendora filed a reply memorandum in support of its Motion to Compel. Glendora argued, again, that Angus is a bad faith trespasser. In addition to the other bases cited, Glendora then argued that Angus's installation of two fiber optic cables also constituted trespass. Glendora argued that the wastewater pipeline is "directly related" to Angus's production and profits, and, therefore, it was entitled to the requested discovery.

On April 21, 2013, Glendora filed an opposition memorandum to Angus's Motion for Partial Summary Judgment. [Doc. No. 55].

On April 22, 2013, Magistrate Judge Karen L. Hayes issued a Memorandum Order [Doc. No. 56] denying Glendora's Motion to Compel based on her analysis of the asserted claims under *Corbello*:

> In *Corbello* . . ., the Louisiana Supreme Court held that a possessor in bad faith is liable to the land owner for the profits generated by its operations on the premises. . . . The court further recognized that when a lease expires, the lessee's continued

> possession of the premises constitutes a trespass, and that once the lessee becomes fully aware that it has no legal rights to continue to occupy the premises, the former lessee becomes a possessor in bad faith liable for profits earned on the premises. *Corbello, supra*.

[Doc. No. 56, p. 10]. Applying *Corbello*, Magistrate Judge Hayes found that Glendora was not entitled to recover Angus's profits as damages and thus is not entitled to the requested discovery. First, she found that IMC/Angus's construction of a portion of the original 12" pipeline outside of the drawing attached to the Option would not constitute a bad faith trespass. The Option granted IMC/Angus the right to construct a pipeline along a route selected by IMC/Angus, and there is no evidence that Glendora's predecessors in interest objected to the location. Without evidence that IMC/Angus acted in bad faith at the time of installation or that Glendora or its predecessors sustained any material damage as a result of the pipeline's deviation, Magistrate Judge Hayes found that disgorgement of profits was not an available remedy. *Id.* at p.11 (citing *SGC Land, LLC v. Louisiana Midstream Gas*, Civ. Act. No. 10-1778, 2013 WL 1282458 (W.D. La. Mar. 28, 2013) (Hicks, J.)).

Second, Magistrate Judge Hayes found that Glendora could not recover lost profits based on the fact that there are two pipelines on Glendora's land. Glendora did not contest Angus's right to have a single wastewater pipeline operating (i.e., to replace the 12" pipeline with a larger 16" pipeline), so she found that the 12" abandoned pipeline would be "the infringing pipeline." [Doc. No. 56, p. 12]. However, the 12" pipeline was plugged and not in use, so it could not generate "any income for Angus, and does not provide a basis for Glendora to recover Angus's profits generated by its Sterlington Plant." *Id.*

Finally, Magistrate Judge Hayes found that Angus's argument that the installation of tracer

wire and two fiber optic cables along the pipeline constituted a bad faith trespass was "not well-taken." *Id.* She concluded that under the Right-of-Way Agreement Angus had the right to install both the pipeline and "'all incidental equipment and appurtenances . . . and other necessary and convenient installations . . ..'" *Id.* (quoting [Doc. No. 7-1]). Further, even if the installations were not permitted under the Right-of-Way Agreement, like the allegedly infringing 12" pipeline, she found that "there is no indication, or argument, that these ancillary installations are vital to, or directly related to Angus's profit generating activities at the Sterlington facility." *Id.*

On April 29, 2013, Angus filed an opposition memorandum to Glendora's Motion for Partial Summary Judgment. [Doc. No. 59].

On May 6, 2013, Glendora filed the instant Appeal of Magistrate Judge Hayes' Order [Doc. No. 62], which was set before the undersigned. [Doc. No. 63].

On May 28, 2013, Angus filed a memorandum in opposition to the Appeal. [Doc. No. 67].

On June 4, 2013, Glendora filed a supplemental memorandum in opposition to Angus's Motion for Partial Summary Judgment.

On June 5, 2013, the Court issued an order [Doc. No. 75] granting in part and denying in part Glendora's Motion to Continue Hearings [Doc. No. 65] on the cross-motions for partial summary judgment until the close of discovery. The Court required the parties to file any supplemental briefs or evidence no later than August 7, 2013, and notified them that the Court would consider the cross-motions for partial summary judgment and the pending Appeal on August 8, 2013. [Doc. No. 75].

On June 18, 2013, Angus filed a supplemental memorandum in support of its Motion for Partial Summary Judgment. [Doc. No. 77].

On August 7, 2013, Glendora filed supplemental memoranda in opposition to Angus's Motion for Partial Summary Judgment [Doc. No. 78] and in support of its Appeal [Doc. No. 79].

On November 20, 2013, the Court issued a Ruling and Judgment [Doc. Nos. 86 and 87] granting Angus's Motion for Partial Summary Judgment [Doc. No. 40] and denying Glendora's Motion for Partial Summary Judgment [Doc. No. 50]. The Court ruled (1) that Angus has a valid and enforceable servitude through the property of Glendora; (2) that the Right-of-Way Agreement created a personal servitude of rights of use; (3) that Angus had the authority under the agreement to construct the 16" pipe and abandon the original 12" pipeline in place; and (4) that Angus had the authority under the agreement to install fiber optic cables and tracer wires. In light of these determinations, the Court declined to reach Glendora's arguments regarding trespass or trespass in bad faith.

On the same day, November 20, 2013, the Court issued an order denying the Appeal of Magistrate Judge Hayes' order on the Motion to Compel [Doc. No. 88].

On April 8, 2014, the parties reached a settlement on Glendora's claim for damages arising from the wastewater spill, but Glendora reserved its rights to appeal the Court's November 20, 2013 Ruling and Judgment. [Doc. No. 129].

On April 30, 2014, Glendora filed a notice of appeal [Doc. No. 134] in which it gave notice of its intent to appeal to the United States Court of Appeals for the Fifth Circuit the Court's orders on the cross-motions for summary judgment, Magistrate Judge Hayes' order on the Motion to Compel, and the Court's order denying the Appeal of Magistrate Judge Hayes' order.

On March 24, 2015, the Fifth Circuit issued an Opinion on the appeal. [Doc. No. 136]. The Fifth Circuit found it "undisputed" that Angus could replace the 12" pipeline with the 16"

pipeline, but found that the term "replace" in the Right-of-Way Agreement was ambiguous, and, thus, "there is a material fact issue as to whether the Agreement requires the removal of the 12" pipeline, and on that basis," the Fifth Circuit concluded that the award of partial summary judgment to Angus was improper. [Doc. No. 136, pp. 10-11]. Thus, the Fifth Circuit vacated this Court's grant of partial summary judgment to Angus "as to this issue." [Doc. No. 136, p. 13].

Although not necessary since it had vacated the Court's grant of partial summary judgment to Angus, the Fifth Circuit went on to address Glendora's argument that Angus is operating and/or maintaining two pipelines in violation of the Right-of-Way Agreement. Glendora argued that this Court had improperly rejected evidence that the 12" pipeline was intended to be used and is being used as a "backup" to the 16" pipeline. [Doc. No. 136, p. 15]. However, the Fifth Circuit concluded "that the terms 'operate' and 'maintain' are clear such that we need not consider this evidence. Applying the accepted definitions of the terms 'operate' and 'maintain,'" the Fifth Circuit concluded "that, at the present time, Angus is neither operating nor maintaining two pipelines." [Doc. No. 136, p. 15]. The Fifth Circuit reiterated that it had found "ambiguity concerning the term 'replace,'" and that it was on this basis that the Court's granting of partial summary judgment to Angus was vacated.

Additionally, the Fifth Circuit considered and rejected Glendora's argument that Angus had no authority under the Right-of-Way Agreement to install fiber optic cables. The Fifth Circuit agreed with this Court that the agreement was "sufficiently clear" that the "installation of fiber optic cables was proper" and thus affirmed the Court's ruling on this issue. [Doc. No. 136, p. 16].

Finally, the Fifth Circuit considered the Court's denial of Glendora's appeal of Magistrate Judge Hayes' order denying its Motion to Compel. As the Fifth Circuit correctly finds, this Court

"did not address Glendora's arguments about how the magistrate judge erred in denying the motion [to compel.] Because of this and because [the Fifth Circuit was] remanding the case of the basis of the [other] determinations," the Fifth Circuit remanded the Motion to Compel for the Court's consideration. [Doc. No. 136, p. 16]. The Fifth Circuit "express[ed] no opinion as to the motion." Thus, in summary, the Fifth Circuit vacated the Court's grant of partial summary judgment to Angus, affirmed the Court's holding that Angus had authority to install fiber optic cables, and remanded for consideration of Glendora's Motion to Compel and "for further proceedings consistent with [the O]pinion." [Doc. No. 136, pp. 16-17].

The mandate issued on April 15, 2015. [Doc. No. 136]. In light of the mandate, the Court referred the remanded case to Magistrate Judge Hayes for a scheduling conference. The conference was held on April 30, 2015. At that time, counsel disagreed as to the effect of the Fifth Circuit's opinion on Glendora's motion to compel discovery. [Doc. No. 141]. Magistrate Judge Hayes ordered counsel to file supplemental briefs no later than June 1, 2015. She also ordered that a new scheduling order issue, setting a jury trial for January 11, 2016.

On June 1, 2015, Glendora and Angus filed supplemental memoranda regarding the outstanding Appeal of the Magistrate Judge's order on Glendora's Motion to Compel. [Doc. Nos. 143 & 144].

The Court is now prepared to rule.

## II.   LAW AND ANALYSIS

### A.   Standard of Review

Although the Fifth Circuit referred to this remand as a reconsideration of Glendora's Motion to Compel, that motion was considered and ruled on by Magistrate Judge Hayes. The

Fifth Circuit noted that this Court had not addressed Glendora's arguments regarding Magistrate Judge Hayes' alleged errors. Procedurally, the Appeal of that Order is now what is before the Court.

An motion to compel is a non-dispositive pre-trial matter. Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), the Court reviews a magistrate judge's rulings on non-dispositive matters only to determine whether they are clearly erroneous or contrary to law.

### B. Discovery of Angus's Profits

Under Rule 26(b), a party "may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). *See* FED. R. CIV. P. 33 & 34 (permitting the service of interrogatories and requests for production, respectively, for information and/or documents from another party within the scope of Rule 26(b)). A party moving to compel discovery may move for relief under Rule 37(a)(3)(B).

In this case, Glendora moved for an order compelling Angus to produce the requested profit and loss information and documents on the basis that it can recover these damages if it prevails on its claim of bad faith trespassing. Applying *Corbello*, Magistrate Judge Hayes denied Glendora's motion because she found that (1) IMC/Angus's construction of a portion of the original 12" pipeline outside of the drawing attached to the Option would not constitute a bad faith trespass, (2) Glendora could not recover lost profits based on the abandonment of the 12" pipeline when that pipeline was plugged and not in use and could not generate any income for Angus, and (3) Angus's installation of tracer wire and two fiber optic cables did not constitute a

bad faith trespass and these appurtenances were not apparently "vital to, or directly related to Angus's profit generating activities at the Sterlington facility." [Doc. No. 56, pp. 11-12].

In its supplemental memorandum, Glendora argues that Magistrate Judge Hayes stated in her Order that if the Court resolved the issues in its favor or if the Court "otherwise determines that genuine issues of material fact preclude summary disposition in favor of Angus then, of course, the requested discovery will be deemed relevant and subject to production without further ado." [Doc. No. 56, p. 13 n.10; Doc. No. 143, pp. 1-2 (quoting same)]. Because the Fifth Circuit has now reversed the Court's grant of partial summary judgment to Angus and found genuine issues of material fact for trial whether the 12" pipeline had to be removed under the Right-of-Way Agreement, Glendora contends that it is now entitled to the requested discovery. Glendora recounts the alleged facts leading up to Angus's construction installation of the 16" pipeline and failure to remove the 12" pipeline, arguing that these facts constitute evidence that Angus's trespass was in bad faith.

Angus also filed a supplemental memorandum. Angus argues that the footnote cited by Glendora is inapplicable because Magistrate Judge Hayes spoke to actions by this Court, and this Court "has never resolved issues of 'bad faith' trespass in favor of Glendora nor did the District Court deny summary disposition to [Angus]." [Doc. No. 144, p. 3]. Likewise, Angus points out that the Fifth Circuit's Opinion "makes no mention of the phrase 'bad faith trespass.'" *Id.* at p. 4. Angus argues further that the Fifth Circuit's Opinion has no effect on Magistrate Judge Hayes' Order denying the Motion to Compel. Specifically, Angus contends that the Fifth Circuit found only that there is ambiguity in the Right-of-Way Agreement precluding summary judgment on whether Angus's right to "replace" a pipeline includes a corresponding duty to remove the old

pipeline. This ruling, according to Angus, does not affect Magistrate Judge Hayes' determination that only the 16" pipeline is being used to transport substances, that the alleged "'infringing'" 12" pipeline is plugged and not in use, the 12" pipeline is not generating income for Angus, and, thus, this pipeline "'does not provide a basis for Glendora to recover Angus's profits generated by its Sterlington plant.'" *Id.* at pp. 6-7 (quoting [Doc. No. 56, p. 12]).

The Fifth Circuit remanded Glendora's Motion to Compel to allow this Court to conduct a substantive review of Magistrate Judge Hayes' Order, but expressed no opinion as to whether the Appeal should be granted or denied. To conduct its substantive review, the Court compared the Fifth Circuit's Opinion to Magistrate Judge Hayes' analysis in the Order denying the Motion to Compel. In its Opinion, the Fifth Circuit found that it was "undisputed that the 16" pipeline could replace the 12" pipeline." [Doc. No. 136, p. 12]. Therefore, the only "ambiguity in the [Right-of-Way] Agreement" that presents a jury question is "whether the right to 'replace' a pipeline includes an obligation to remove the older pipeline that is being replaced." [Doc. No. 136, pp. 12-13]. The Fifth Circuit was clear that "Angus is neither operating nor maintaining two pipelines" under "the accepted definitions of the terms 'operate' and 'maintain'" merely because there is a capped off and abandoned pipeline in the right of way. [Doc. No. 136, p. 15]. Consistent with the Fifth Circuit's Opinion, Magistrate Judge Hayes denied the Motion to Compel, in part, because the 12" pipeline was capped off and not in use, could not generate "any income for Angus, and does not provide a basis for Glendora to recover Angus's profits generated by its Sterlington Plant." [Doc. No. 56, p. 12].

Having reviewed the Fifth Circuit's Opinion and the parties' supplemental memoranda, the Court finds that Magistrate Judge Hayes' Order is neither contrary to law nor clearly

erroneous. Even assuming *arguendo* that Glendora has a valid delictual cause of action for bad faith trespass, rather than a claim that is solely in contractu,² Magistrate Judge Hayes' conclusion that the abandoned pipeline cannot generate income for Angus is not clearly erroneous, and her conclusion that Glendora has no basis to recover Angus's profits is not contrary to law. Angus simply did not and does not profit from the alleged unlawful failure to remove the 12" pipeline. *Cf. Williams*, 2003 WL 1733529 at *2 (plaintiff was entitled to "discovery of [bad faith possessor/trespasser's] profits **from its operations on [plaintiff's] land**") (emphasis added).³

### III.   CONCLUSION

For the foregoing reasons, Glendora's Appeal [Doc. No. 62] is DENIED, and Magistrate Judge Hayes' Order [Doc. No. 56] is AFFIRMED.

MONROE, LOUISIANA, this 23rd day of July, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

²The Court is aware that Angus has filed a Motion for Partial Summary Judgment [Doc. No. 145] in which it argues, in part, that its alleged breach of the Right-of-Way Agreement does not render it a trespasser or bad faith possessor on Glendora's property. The Court will consider those arguments once the motion is fully briefed. The Court does not reach this argument in its ruling on Glendora's Appeal.

³Although Glendora cites *Williams* for support, the Court finds that it, like *Corbello,* actually supports Magistrate Judge Hayes' findings. In both cases, the plaintiff could recover damages based on the defendant's profits from its "operations on the premises." 2003 WL 1733529 at *2; *Corbello*, 806 So.2d at 39. In this case, there is a valid 16" pipeline operating and transporting wastewater away from the Sterlington plant. Even if the transportation of wastewater via this pipeline arguably allows Angus to profit from operations on Glendora's land (and that is disputed by Angus), the cut off and capped 12" pipeline is not in operation on Glendora's land, and Angus cannot profit from that pipeline.