UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ANGUS CHEMICAL COMPANY** | **CIVIL ACTION NO. 12-1656** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **GLENDORA PLANTATION, INC.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Pending before the Court is the Motion for Partial Summary Judgment [Doc. No. 145] filed by Plaintiff and Defendant-in-Counterclaim Angus Chemical Company ("Angus"). Angus argues that Defendant and Plaintiff-in-Counterclaim Glendora Plantation, Inc. ("Glendora") is not entitled to recover any monetary damages even if it is successful at trial. Glendora filed a memorandum in opposition to the motion. [Doc. No. 149]. Glendora filed a reply memorandum. [Doc. No. 150].

For the following reasons, Angus's Motion for Partial Summary Judgment is GRANTED.

**I.   FACTS, PROCEDURAL HISTORY, AND PRIOR RULINGS**

Plaintiff Angus Chemical Company ("Angus") owns an 80-acre facility in Sterlington, Louisiana, where the plant produces nitroparaffin products. This case concerns Angus's rights to transport wastewater from the plant via an underground pipeline on the land belonging to Glendora under a March 28, 1978 "Right of Way Easement Option" executed with the prior landowners.[1] On August 31, 1978, Angus's predecessor, IMC, exercised the option which then became the Right-of-Way Agreement.

---

[1] The facts in this case were also set forth in detail in the Magistrate Judge's Order, previous rulings of this Court, and in the opinion of the United States Court of Appeals for the Fifth Circuit, all of which the Court incorporates by reference.

In 2007, Angus's 12" pipeline leaked wastewater because of cracks in the pipeline. Instead of replacing the pipeline, Angus performed above-ground inspections of the property where the pipeline was buried. When the pipeline leaked again in 2010, Angus began taking steps to replace it.

On December 11, 2011, the pipeline ruptured, which caused wastewater to spill onto Glendora's property. After the spill, Angus temporarily shut down the wastewater transfer pumps and constructed an earthen dam to prevent impact to surface waters. Angus and its contractors also took steps to remediate the effects of the spill.

On June 14, 2012, Angus filed the instant Complaint, seeking a declaratory judgment that Angus has a valid servitude under the Right-of-Way Agreement; that it had the right to abandon the 12" pipeline once a new pipeline was in place; that it had the right to lay the pipeline, cables, and tracer wire; that the servitude would be fifty feet in width during construction and thirty feet in width thereafter (fifteen feet on either side of the center line of the original pipeline); and that it had (and continues to have) right of ingress and egress. Alternatively, Angus prayed for a declaratory judgment that it obtained the servitude via acquisitive prescription.

Glendora filed an answer and counterclaim, arguing that Angus had no right to install additional lines or fiber optic cables adjacent to the new pipeline, nor did it have the right to abandon the existing pipeline. Glendora prayed for a declaratory judgment on these issues and also sought damages for trespass, as well as damages for agricultural losses, soil degradation, cleanup costs, and remediation as a result of the December 11, 2011 pipeline rupture and wastewater spill. Finally, Glendora sought an order compelling Angus to remove that portion of the pipeline located in a different area from the drawing attached to the Option.

While the lawsuit was pending, Angus installed a new 16" pipeline on Glendora's property on or about August 17, 2012, along with two fiber optic cables running parallel to the 16" pipeline and a tracer wire located on top of the pipeline. Between October 3 and November 12, 2012, Angus cleaned, plugged and abandoned the old 12" pipeline. Angus did not precision level the pipeline right of way after installing the 16" pipeline.

On October 25, 2012, Glendora amended its counterclaim to allege that Angus violated the Right-of-Way Agreement by conducting construction outside the thirty foot right of way and by using the right of way for two pipelines. Glendora also alleged that Angus's action constituted a bad faith trespass. Glendora sought damages for land leveling, ditching, the substitution of lesser quality topsoil, and road damage.

On February 5, 2013, Glendora propounded discovery requests to Angus in which it sought discovery of the gross income, net income, and total profit, as well as daily, weekly, bi-weekly, monthly, and/or yearly profit and loss statements for the Sterlington facility for the time period between Angus's commencement of construction on the 16" pipeline through the present.

Angus objected to the discovery requests as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

On March 5, 2013, Glendora filed a Motion to Compel First Supplemental Discovery Responses from Angus ("Motion to Compel") [Doc. No. 23]. Glendora sought a court order compelling Angus to respond to its discovery requests seeking the requested income information and profit and loss statements. Relying on *Williams Land Co., LLC v. BellSouth Communications, Inc.*, Nos. Civ. A. 02-1628, Civ. A. 02-1629, 2003 WL 1733529 (E.D. La. Mar. 28, 2003), Glendora argued that it was entitled to this discovery because Angus is a bad faith

trespasser by virtue of its installation of the 16" pipeline partially outside the drawing attached to the Option and because it abandoned, rather than removed, the original 12" pipeline. Thus, as in the *Williams* case, Glendora argued that it is entitled to this discovery because it has a viable claim for damages for all of Angus's profits at the Sterlington facility. *See id.* at *1 (citing *Corbello v. Iowa Prod.*, 850 So. 2d 686, 709 (La. 2003) (superseded by statute on other grounds as explained in *State v. Louisiana Land and Exploration Co.*, So.3d , 2013 WL 360329 (La. Jan. 30, 2013)).

On March 27, 2013, Angus filed a memorandum in opposition to the Motion to Compel. [Doc. No. 39], as well as a Motion for Partial Summary Judgment [Doc. No. 40] which contained overlapping arguments. In its opposition memorandum, Angus argued that it is not a bad faith trespasser, but that, even if it were, Glendora was not entitled to the requested discovery because Angus derives no profit from the wastewater pipeline passing through the property.

On April 8, 2013, Glendora filed a Motion for Partial Summary Judgment [Doc. No. 50].

On April 9, 2013, Glendora filed a reply memorandum in support of its Motion to Compel. Glendora argued, again, that Angus is a bad faith trespasser. In addition to the other bases cited, Glendora then argued that Angus's installation of two fiber optic cables also constituted trespass. Glendora argued that the wastewater pipeline was "directly related" to Angus's production and profits, and, therefore, it was entitled to the requested discovery.

On April 21, 2013, Glendora filed an opposition memorandum to Angus's Motion for Partial Summary Judgment. [Doc. No. 55].

On April 22, 2013, Magistrate Judge Karen L. Hayes issued a Memorandum Order [Doc. No. 56] denying Glendora's Motion to Compel based on her analysis of the asserted claims under *Corbello*:

> In *Corbello* . . ., the Louisiana Supreme Court held that a possessor in bad faith is liable to the land owner for the profits generated by its operations on the premises. . . . The court further recognized that when a lease expires, the lessee's continued possession of the premises constitutes a trespass, and that once the lessee becomes fully aware that it has no legal rights to continue to occupy the premises, the former lessee becomes a possessor in bad faith liable for profits earned on the premises. *Corbello, supra*.

[Doc. No. 56, p. 10]. Applying *Corbello*, Magistrate Judge Hayes found that Glendora was not entitled to recover Angus's profits as damages and thus was not entitled to the requested discovery. First, she found that IMC/Angus's construction of a portion of the original 12" pipeline outside of the drawing attached to the Option would not constitute a bad faith trespass. The Option granted IMC/Angus the right to construct a pipeline along a route selected by IMC/Angus, and there is no evidence that Glendora's predecessors in interest objected to the location. Without evidence that IMC/Angus acted in bad faith at the time of installation or that Glendora or its predecessors sustained any material damage as a result of the pipeline's deviation, Magistrate Judge Hayes found that disgorgement of profits was not an available remedy. *Id.* at p.11 (citing *SGC Land, LLC v. Louisiana Midstream Gas*, Civ. Act. No. 10-1778, 2013 WL 1282458 (W.D. La. Mar. 28, 2013) (Hicks, J.)).

Second, Magistrate Judge Hayes found that Glendora could not recover lost profits based on the fact that there are two pipelines on Glendora's land. Glendora did not contest Angus's right to have a single wastewater pipeline operating (i.e., to replace the 12" pipeline with a larger 16" pipeline), so she found that the 12" abandoned pipeline would be "the infringing pipeline." [Doc. No. 56, p. 12]. However, the 12" pipeline was plugged and not in use, so it could not generate "any income for Angus, and does not provide a basis for Glendora to recover Angus's profits generated by its Sterlington Plant." *Id.*

5

Finally, Magistrate Judge Hayes found that Angus's argument that the installation of tracer wire and two fiber optic cables along the pipeline constituted a bad faith trespass was "not well-taken." *Id.* She concluded that under the Right-of-Way Agreement Angus had the right to install both the pipeline and "'all incidental equipment and appurtenances . . . and other necessary and convenient installations . . . .'" *Id.* (quoting [Doc. No. 7-1]). Further, even if the installations were not permitted under the Right-of-Way Agreement, like the allegedly infringing 12" pipeline, she found that "there is no indication, or argument, that these ancillary installations are vital to, or directly related to Angus's profit generating activities at the Sterlington facility." *Id.*

On April 29, 2013, Angus filed an opposition memorandum to Glendora's Motion for Partial Summary Judgment. [Doc. No. 59].

On May 6, 2013, Glendora filed an Appeal of Magistrate Judge Hayes' Order. [Doc. No. 63].

On May 28, 2013, Angus filed a memorandum in opposition to the Appeal. [Doc. No. 67].

On June 4, 2013, Glendora filed a supplemental memorandum in opposition to Angus's Motion for Partial Summary Judgment.

On June 5, 2013, the Court issued an order [Doc. No. 75] granting in part and denying in part Glendora's Motion to Continue Hearings [Doc. No. 65] on the cross-motions for partial summary judgment until the close of discovery. The Court required the parties to file any supplemental briefs or evidence no later than August 7, 2013, and notified them that the Court would consider the cross-motions for partial summary judgment and the pending Appeal on August 8, 2013. [Doc. No. 75].

On June 18, 2013, Angus filed a supplemental memorandum in support of its Motion for

Partial Summary Judgment. [Doc. No. 77].

On August 7, 2013, Glendora filed supplemental memoranda in opposition to Angus's Motion for Partial Summary Judgment [Doc. No. 78] and in support of its Appeal [Doc. No. 79].

On November 20, 2013, the Court issued a Ruling and Judgment [Doc. Nos. 86 and 87] granting Angus's Motion for Partial Summary Judgment [Doc. No. 40] and denying Glendora's Motion for Partial Summary Judgment [Doc. No. 50]. The Court ruled (1) that Angus has a valid and enforceable servitude through the property of Glendora; (2) that the Right-of-Way Agreement created a personal servitude of rights of use; (3) that Angus had the authority under the agreement to construct the 16" pipe and abandon the original 12" pipeline in place; and (4) that Angus had the authority under the agreement to install fiber optic cables and tracer wires. In light of these determinations, the Court declined to reach Glendora's arguments regarding trespass or trespass in bad faith.

On the same day, November 20, 2013, the Court issued an order denying the Appeal of Magistrate Judge Hayes' order on the Motion to Compel [Doc. No. 88].

On April 8, 2014, the parties reached a settlement "that resolved . . . any of Glendora's pending claims that had not been dismissed by the Court's November 20, 2013 Judgment," but Glendora reserved its rights to appeal that Judgment and related Ruling. [Doc. Nos. 129, 132].

On April 30, 2014, Glendora filed a notice of appeal [Doc. No. 134] in which it gave notice of its intent to appeal to the United States Court of Appeals for the Fifth Circuit this Court's orders on the cross-motions for summary judgment, Magistrate Judge Hayes' order on the

Motion to Compel, and this Court's order denying the Appeal of Magistrate Judge Hayes' order.[2]

On March 24, 2015, the Fifth Circuit issued an Opinion on the appeal. [Doc. No. 136]. The Fifth Circuit found it "undisputed" that Angus could replace the 12" pipeline with the 16" pipeline, but found that the term "replace" in the Right-of-Way Agreement was ambiguous, and, thus, "there is a material fact issue as to whether the Agreement requires the removal of the 12" pipeline, and on that basis," the Fifth Circuit concluded that the award of partial summary judgment to Angus was improper. [Doc. No. 136, pp. 10-11]. Thus, the Fifth Circuit vacated this Court's grant of partial summary judgment to Angus "as to this issue." [Doc. No. 136, p. 13].

The Fifth Circuit went on to address Glendora's argument that Angus is operating and/or maintaining two pipelines in violation of the Right-of-Way Agreement. Glendora argued that this Court had improperly rejected evidence that the 12" pipeline was intended to be used and is being used as a "backup" to the 16" pipeline. [Doc. No. 136, p. 15]. However, the Fifth Circuit concluded "that the terms 'operate' and 'maintain' are clear such that we need not consider this evidence. Applying the accepted definitions of the terms 'operate' and 'maintain,'" the Fifth Circuit concluded "that, at the present time, Angus is neither operating nor maintaining two pipelines." [Doc. No. 136, p. 15]. The Fifth Circuit reiterated that it had found "ambiguity concerning the term 'replace,'" and that it was on this basis that the Court's granting of partial summary judgment to Angus was vacated.

Additionally, the Fifth Circuit considered and rejected Glendora's argument that Angus had no authority under the Right-of-Way Agreement to install fiber optic cables. The Fifth Circuit

---

[2]The Court certified the contested rulings for appeal pursuant to Federal Rule of Civil Procedure 54(b). [Doc. No. 133].

agreed with this Court that the agreement was "sufficiently clear" that the "installation of fiber optic cables was proper" and thus affirmed the Court's ruling on this issue. [Doc. No. 136, p. 16].

Finally, the Fifth Circuit considered the Court's denial of Glendora's appeal of Magistrate Judge Hayes' order denying its Motion to Compel. As the Fifth Circuit correctly found, this Court "did not address Glendora's arguments about how the magistrate judge erred in denying the motion [to compel.] Because of this and because [the Fifth Circuit was] remanding the case on the basis of the [other] determinations," the Fifth Circuit remanded the Motion to Compel for the Court's consideration. [Doc. No. 136, p. 16]. The Fifth Circuit "express[ed] no opinion as to the motion." In summary, the Fifth Circuit vacated the Court's grant of partial summary judgment to Angus, affirmed the Court's holding that Angus had authority to install fiber optic cables, and remanded for consideration of Glendora's Motion to Compel and "for further proceedings consistent with [the O]pinion." [Doc. No. 136, pp. 16-17].

The mandate issued on April 15, 2015. [Doc. No. 136]. In light of the mandate, the Court referred the remanded case to Magistrate Judge Hayes for a scheduling conference. The conference was held on April 30, 2015. At that time, counsel disagreed as to the effect of the Fifth Circuit's opinion on Glendora's motion to compel discovery. [Doc. No. 141]. Magistrate Judge Hayes ordered counsel to file supplemental briefs no later than June 1, 2015. She also ordered that a new scheduling order issue, setting a jury trial for January 11, 2016.

On June 1, 2015, Glendora and Angus filed supplemental memoranda regarding the outstanding Appeal of the Magistrate Judge's order on Glendora's Motion to Compel. [Doc. Nos. 143 & 144]. In its supplemental memorandum, Glendora argues that Magistrate Judge Hayes stated in her order that if the Court resolved the issues in its favor or if the Court "otherwise

determines that genuine issues of material fact preclude summary disposition in favor of Angus then, of course, the requested discovery will be deemed relevant and subject to production without further ado." [Doc. No. 56, p. 13 n.10; Doc. No. 143, pp. 1-2 (quoting same)]. Because the Fifth Circuit has now reversed the Court's grant of partial summary judgment to Angus and found genuine issues of material fact for trial whether the 12" pipeline had to be removed under the Right-of-Way Agreement, Glendora contends that it is now entitled to the requested discovery. Glendora recounts the alleged facts leading up to Angus's construction installation of the 16" pipeline and failure to remove the 12" pipeline, arguing that these facts constitute evidence that Angus's trespass was in bad faith.

Angus also filed a supplemental memorandum. Angus argued that the footnote cited by Glendora is inapplicable because Magistrate Judge Hayes spoke to actions by this Court, and this Court "has never resolved issues of 'bad faith' trespass in favor of Glendora nor did the District Court deny summary disposition to [Angus]." [Doc. No. 144, p. 3]. Likewise, Angus points out that the Fifth Circuit's Opinion "makes no mention of the phrase 'bad faith trespass.'" *Id.* at p. 4. Angus argues further that the Fifth Circuit's Opinion has no effect on Magistrate Judge Hayes' Order denying the Motion to Compel. Specifically, Angus contends that the Fifth Circuit found only that there is ambiguity in the Right-of-Way Agreement precluding summary judgment on whether Angus's right to "replace" a pipeline includes a corresponding duty to remove the old pipeline. This ruling, according to Angus, does not affect Magistrate Judge Hayes' determination that only the 16" pipeline is being used to transport substances, that the alleged "'infringing'" 12" pipeline is plugged and not in use, the 12" pipeline is not generating income for Angus, and, thus, the 12" pipeline "'does not provide a basis for Glendora to recover Angus's profits generated by

its Sterlington plant.'" *Id.* at pp. 6-7 (quoting [Doc. No. 56, p. 12]).

On July 23, 2015, the Court issued a Ruling [Doc. No. 147] and Order [Doc. No. 148] denying Glendora's Appeal and affirming Magistrate Judge Hayes' April 22, 2013 Order. The Court compared the Fifth Circuit's Opinion to Magistrate Judge Hayes' analysis in the order denying the Motion to Compel.

> In its Opinion, the Fifth Circuit found that it was "undisputed that the 16" pipeline could replace the 12" pipeline." [Doc. No. 136, p. 12]. Therefore, the only "ambiguity in the [Right-of-Way] Agreement" that presents a jury question is "whether the right to 'replace' a pipeline includes an obligation to remove the older pipeline that is being replaced." [Doc. No. 136, pp. 12-13]. The Fifth Circuit was clear that "Angus is neither operating nor maintaining two pipelines" under "the accepted definitions of the terms 'operate' and 'maintain'" merely because there is a capped off and abandoned pipeline in the right of way. [Doc. No. 136, p. 15]. Consistent with the Fifth Circuit's Opinion, Magistrate Judge Hayes denied the Motion to Compel, in part, because the 12" pipeline was capped off and not in use, could not generate "any income for Angus, and does not provide a basis for Glendora to recover Angus's profits generated by its Sterlington Plant." [Doc. No. 56, p. 12].

[Doc. No. 147, p. 12]. Even assuming *arguendo* that Glendora has a valid delictual cause of action for bad faith trespass, rather than a claim that is solely *in contractu*, the Court found that Magistrate Judge Hayes' conclusion that the abandoned pipeline cannot generate income for Angus was not clearly erroneous, and her conclusion that Glendora had no basis to recover Angus's profits was not contrary to law. *Id.* at p. 13. Thus, the Court denied Glendora's Appeal and affirmed Magistrate Judge Hayes' order.

Now pending before the Court is the instant Motion for Partial Summary Judgment filed by Angus. Angus moves the Court for "judgment of as a matter of law dismissing all claims asserted by Glendora for the payment of any monetary damages."

11

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party."

*Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

**B.      Damages**

Based on the rulings of this Court and the Fifth Circuit, it has been determined that Angus has a valid servitude under the Right-of-Way Agreement; that Angus had the right to lay the pipeline, cables, and tracer wire; that Angus's servitude would be fifty feet in width during construction and thirty feet in width thereafter (fifteen feet on either side of the center line of the original pipeline); that Angus had and continues to have right of ingress and egress; and that Angus is not required to remove the portion of the pipeline located in a different area from the drawing attached to the Option.  Additionally, the parties settled Glendora's claims for damages as a result of the December 11, 2011 pipeline rupture and wasterwater spill.

At this point in the litigation, the only remaining claims are Angus's contention that it had the right under the Right-of-Way Agreement to abandon the 12" pipeline in place once a new pipeline was installed and Glendora's counterclaim that Angus did not have the right to abandon the existing 12" pipeline.  Glendora seeks damages for the abandoned pipeline, alleging that Angus's action was not only a breach of the Right-of-Way Agreement, but constituted a bad faith trespass.  Finally, Glendora seeks damages for land leveling, ditching, the substitution of lesser quality topsoil, and road damage allegedly resulting from the installation of the new 16" pipeline.

**1.      Glendora's Claimed Damages for Bad Faith Trespass**

To the extent that Glendora contends that it is entitled to recover damages for Angus's bad faith trespass, the Court finds that it has no basis to do so.

First, the Court has addressed at least part of this legal argument in its July 23, 2015

Ruling [Doc. No. 147] and Order [Doc. No. 148] denying Glendora's Appeal and affirming Magistrate Judge Hayes' Order on Glendora's Motion to Compel. Consistent with the Fifth Circuit's mandate, "the only 'ambiguity in the [Right-of-Way] Agreement' that presents a jury question is 'whether the right to 'replace' a pipeline includes an obligation to remove the older pipeline that is being replaced.'" [Doc. No. 147, p. 12 (quoting Doc. No. 136, pp. 12-13)]. Even assuming *arguendo* that Glendora had a valid delictual cause of action for bad faith trespass, Magistrate Judge Hayes' conclusion that the abandoned pipeline cannot generate income for Angus was not clearly erroneous, and, thus, her conclusion that Glendora had no basis to recover Angus's profits was not contrary to law. *Id.* at p. 13.

Although the Court's review of Magistrate Judge Hayes' Order was limited by the applicable standard, the Court applies the same analysis and reaches the same conclusion under the summary judgment standard. The Fifth Circuit's Opinion is consistent with the findings of Magistrate Judge Hayes and this Court that Angus is not operating or maintaining two pipelines when one of those pipelines is capped off and abandoned in place. While it was certainly more convenient and less costly for Angus to leave the 12" pipeline in place,[3] the abandoned pipeline has no effect on Angus's profit-generating activities at the Sterlington facility. For this reason alone, Glendora has no basis to recover any portion of Angus's profits.

---

[3]Glendora has argued that Angus intended to keep the 12" pipeline for use in the future as a back up, based on statements by Angus's site leader, Ernest Green, and the outside project manager, M.A. Shah, but this Court and the Fifth Circuit found that Angus is not operating or maintaining two pipelines in violation of the Right-of-Way Agreement. The fact that at one point Angus employees or contractors contemplated the use of the old pipeline as a back up does not transform this contractual dispute into a bad faith trespass when they are not using or maintaining the pipeline currently. Given this protracted lawsuit, the Court finds it difficult to believe that Angus would do anything with the abandoned pipeline except remove it if ordered to do so.

Second and more importantly, however, the Court finds that Glendora is limited to recovery in contract and cannot proceed with its bad faith trespass theory.[4] A civil trespass under Louisiana law is the "unlawful invasion of the property or possession of another." *Boudreaux v. Plaquemines Parish Gov't*, 22 So.2d 1117, 118 (La. App. 4th Cir. 2009); *see also The Gulf and Miss. River Transp. Co., Ltd. v. Chevron Pipeline Co.*, 451 Fed. App'x 372 (5th Cir. 2011). But there is no legal dispute here that there is a valid Right-of-Way Agreement between the parties, Angus installed a new pipeline under that Agreement, and the new pipeline is lawfully located within the servitude or right of way on Glendora's property. The dispute is whether the term "replace" *in the Agreement* permitted Angus to abandon the 12" pipeline in place, rather than removing it. At trial, the jury will be asked to decide "whether the Agreement requires the removal of the 12" pipeline" because "there are multiple reasonable interpretations of the implications of the word 'replace.'" [Doc. No. 136, pp. 10-11]. In reaching its determination, the jury will apply Louisiana civil code articles on contract interpretation. *See Rock Island, A. & L.R. Co. v. Gournay*, 205 La. 164 (La. 1944); 17 So.2d 21 (where "the servitude or right of way resulted from a contract between the parties and not by mere operation of law," then "[t]he extent and mode of using the servitude is governed by the provisions of the agreement"); *see also* LA. CIV. CODE ART. 2049 ("[a] provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective."); *see generally* LA.

---

[4]The Court is well aware that Glendora contends that the Court is only concerned with the issue of damages in this motion. [Doc. No. 149, p. 13 n.65]. However, the Court cannot give full consideration to that issue without considering whether the bad faith trespass claim is viable. Further, Glendora cannot seriously contend that it has been denied notice and an opportunity to brief and argue this issue, given the extensive briefing before Magistrate Judge Hayes, this Court, and the Fifth Circuit. *See* FED. R. CIV. P. 56(f) ("After giving notice and reasonable time to respond, the Court may . . . grant the motion on grounds not raised by a party . . . .").

CIV. CODE ARTS. 2045-2057. The Fifth Circuit found that there was ambiguity in the Right-of-Way Agreement as to whether Angus's replacement of the 12" pipeline required it to remove the old pipeline when it laid the new 16" pipeline. This claim is clearly a matter of contract interpretation, not a delictual action.

Finally, even if it is possible to have both a contractual and delictual action based on the same set of facts generally, Glendora could only recover damages in the form of disgorgement of profit if it could show that Angus was a possessor in bad faith. *See SCG Land, LLC v. La. Midstream Gas Servs.*, 939 F. Supp.2d 612, 619 (W.D. La. 2013) (citing *Corbello,* 850 So.2d 686; LA. CIV.CODE ART. 486); *see also* LA. CIV.CODE ART. 486 ("A possessor in good faith acquires the ownership of the fruits he has gathered . . . A possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses"). However, where there is ambiguity in the provision of the agreement governing the claim, i.e., whether Angus could abandon the pipeline, Glendora cannot establish "**legal** bad faith."[5] 939 F. Supp.2d at 620 (emphasis added). The Fifth Circuit was clear that both Angus and Glendora had offered reasonable interpretations of the term "replace" in the Right-of-Way Agreement:

> One could reasonably interpret that one can "replace" something in operation without physically removing the item that has been replaced (the interpretation taken by the district court and Angus), and one could reasonably interpret that one can "replace" something by switching one item out for another (the interpretation

---

[5] Glendora has presented evidence regarding negotiations between Angus and Glendora for a new or amended right-of-way agreement, which include statements of Angus employees that they did not believe Angus had the right to install a new pipeline or abandon the 12" pipeline. While these statements and other evidence do not paint Angus in a favorable light, the issue is one of legal bad faith, not the beliefs or opinions of employees as to Angus's authority under the Right-of-Way Agreement.

taken by Glendora).

[Doc. No. 136, pp. 9-10]. Since the Fifth Circuit found Angus's interpretation of the Right-of-Way Agreement was reasonable, it cannot have acted in bad faith under the law.

To the extent that Angus moves for summary judgment on Glendora's claim for bad faith trespass damages, the motion is GRANTED. Glendora cannot recover disgorgement of profits or other damages for bad faith trespass.

### 2. Other Claimed Damages

Angus argues that Glendora has suffered no recoverable damages as a result of its alleged breach of the Right-of-Way Agreement. In support of their argument, Angus provides the deposition testimony of Glendora principals Freddy Nolan and Bill Hoover. Mr. Nolan and Mr. Hoover conceded that they have no evidence that the abandoned pipeline has impaired the use of the land or caused a decline in the value of the property. [Doc. No. 145, pp. 12-17 (quoting Exhibit A, Hoover Depo., pp. 115, 120-23, 127; Exhibit B, Nolan Depo., pp. 241-43)]. Mr. Hoover conceded that he could not describe any other monetary loss caused by the abandonment of the 12" pipeline. [Doc. No. 145, p. 15 (quoting Exhibit A, Hoover Depo., p. 127)].

In response, Glendora argues that "Angus has usurped Glendora's ownership rights to the property, rights for which Louisiana law provides a specific measure of damages to be determined by the jury at trial." [Doc. No. 149, p. 14]. Glendora does not quantify these alleged damages.

Instead, in support of its claim for trespass damages, Glendora makes other arguments. First, Glendora suggests that its damages should be the estimated cost of removal. Second, Glendora suggests that damages could be valued at the rate it demanded when the parties were negotiating an additional right-of-way agreement. As Angus correctly points out, neither of these

arguments support damages for breach of the Right-of-Way Agreement. If the jury finds that Glendora correctly interpreted the Right-of-Way Agreement, it may order the removal of the abandoned pipeline as an appropriate remedy, but the Court has not been provided with any authority, nor is it aware of any, to suggest that Glendora could also recover the cost of removal as damages. To the extent that Glendora contends that its damages can be valued based on settlement discussions, Federal Rule of Evidence 408 precludes the introduction of this evidence.

Accordingly, the Court finds that there is no genuine issue of material fact for trial as to whether Glendora suffered monetary damages for actual loss as a result of the abandonment of the 12" pipeline. Accordingly, to this extent, Angus's Motion for Partial Summary Judgment is GRANTED. The Court has not been presented with any argument and offers no opinion as to whether, if successful, Glendora may seek other damages, such as nominal damages, attorneys' fees, and costs.

### III. CONCLUSION

For the foregoing reasons, Angus's Motion for Partial Summary Judgment [Doc. No. 145] is GRANTED. If successful at trial, Glendora may not recover disgorgement of profits or other damages for bad faith trespass, nor may it recover monetary damages for actual loss as a result of the alleged breach of the Right-of-Way Agreement. The Court's Ruling does not address any claim Glendora may have for nominal damages, attorneys' fees, or costs.

MONROE, LOUISIANA, this 8th day of December, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE